IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
NEWARK DIVISION

| | | |
|---|---|---|
| Steve Williams | : | |
| 134-41 157th Street | : | |
| Jamaica Queens, NY 11434 | : | |
| | : | CIVIL ACTION |
| | : | |
| Plaintiff | : | |
| | : | |
| vs. | : | |
| | : | |
| Thomas W. McGavitt and Fastenal Co. | : | No. |
| | : | |
| | : | |
| | : | |
| Defendants. | : | |

**VERIFIED COMPLAINT**

Rhonda Hill Wilson, Esq.
rhwilson@philly-attorney.com
The Law Office of Rhonda Hill Wilson, Esq.
1628 John F. Kennedy Blvd., Suite 400
Philadelphia, PA 19103
Telephone: (215) 972-0400
Fax: (215) 972-6756

Plaintiff Steven Williams brings this action against Defendants by and through his attorney, Rhonda Hill Wilson, Esquire, of The Law Offices of Rhonda Hill Wilson, PC.

## I.  LOCAL CIVIL RULE 10.1 STATEMENT

1.      The mailing addresses of the parties to this action are:

Steve Williams
134-41 157th Street
Jamaica Queens, NY 11434

Thomas W. McGavitt
603 N Hyde Park Avenue
Scranton, PA 18504

Fastenal Co.
2001 Theurer Blvd
Winona, MN 55987

## II.  THE PARTIES

2.      Plaintiff Steve Williams is an adult individual who is a citizen of the State of New York and presently resides at 134-41 157th Street, Jamaica Queens, NY 11434.

3.      Defendant Thomas W. McGavitt is an adult individual who at the time of the subject incident was a resident of the Commonwealth of Pennsylvania with a last known physical address of 603 N Hyde Park Avenue, Scranton, PA 18504. It is believed and therefore averred that he is a citizen of the Commonwealth of Pennsylvania.

4.      Defendant Fastenal Co. is a company with a registered business address of 2001 Theurer Blvd, Winona, MN 55987 It is believed and therefore averred that this company is a corporate citizen of the State of Minnesota.

## III.  JURISDICTION AND VENUE

5.      Jurisdiction of this court is based upon 42 U.S.C. §1332(a), diversity of

citizenship.

6.      Venue is proper in this Court under 28 U.S.C. § 1391 because this judicial district is the district in which a substantial part of the events or omissions giving rise to the claim occurred.

## IV.  FACTUAL ALLEGATIONS

7.      The facts and occurrences hereinafter stated took place on November 13, 2019 at approximately 2:27 a.m. in  the eastbound lane of Interstate Route 78 in Hillside Township, Union County, New Jersey.

8.      At all relevant times of the accident, Plaintiff Steven Williams was the operator of the 2019 Ford Econoline truck, which was owned by DHL Express USA, Inc., the employer of the Plaintiff.

9.      At all relevant times of the accident, Defendant Thomas W. McGavitt was the operator of the 2019 FRHT M2 truck, and employed by the owner of the truck who was Defendant Fastenal Co. and Thomas W. McGavitt operated said truck under the course and scope of his employment and/or contract with the Defendant Fastenal Co.

10.      At the time of the accident, Plaintiff was traveling in the right lane of the Express Lanes on I-78 Eastbound at approximately milepost 53.7.

11.      Defendant McGavitt failed to observe Plaintiff traveling because he was distracted by a telephone call and as a result, struck Plaintiff in the rear running him off the road into the opposite traffic.

### *COUNT I*
### *STEVE WILLIAMS V. THOMAS MCGAVITT AND FASTENAL CO.*
### *NEGLIGENCE*

12.     Plaintiff Steve Williams, incorporates by reference paragraphs 1 through 11 of the Plaintiff's Complaint as if same were set forth herein at length.

13.     Defendant Thomas W. McGavitt, was an employee of Defendant Fastenal Co. and while under the course and scope of his employment with the Defendant Fastenal, Co. at all times relevant hereto and was negligent as follows:

  a)     Failure to make proper observations of the traffic on the roadway;

  b)     Failure to yield to traffic on the roadway;

  c)     Failure to maintain an assured clear distance on the roadway;

  d)     Failure to drive at a safe speed in light of conditions; and

  e)     was driving while distracted and using his cell phone

14.     In the alternative, Thomas McGavitt was an independent contractor/under contract with Defendant Fastenal Company and was contracted to haul products on behalf of the Defendant Fastenal and the Defendant Fastenal Company  failed to confirm that the Defendant Thomas W. McGavitt maintained the minimum levels of financial responsibility as required by the Federal Motor Carrier Safety Administration, United States Department of Transportation.

15.     As a result of the occurrence aforesaid and Defendant Thomas W. McGavitt's negligence, while under the course and scope of his employment with Defendant Fastenal Co., the Plaintiff Steve Williams, was struck in the rear of his trailer and as a result, Mr. Williams sustained personal injuries, including but not limited to: his neck, back, left shoulder, right knee, and bilateral hands. He states that the left shoulder and right knee are painful.

16.     Further, as a result of the aforesaid incident, and Defendant Thomas McGavitt's negligence, while under the course and scope of his employment with Defendant Fastenal Co.,

the Plaintiff was obliged to expend various sums of money for medical care, treatment and medicines, in and about his body endeavoring to treat and cure himself of said injuries, all of which may continue into the future, to his great financial detriment and loss.

17.     As a result of the accident aforementioned, the Plaintiff has been unable to attend to his usual daily duties, and was and will be unable to do so for an indefinite time in the future, to his great detriment and loss, including loss of income and future loss of earnings.

18.     The Plaintiff's injuries were caused by the negligence of the Defendants as herein before averred and not because of any actions by Plaintiff.

**WHEREFORE,** Plaintiff demands judgment against Defendants in an amount in excess of $75,000.00, plus costs, interest and other damages allowed by law.

### COUNT II
### STEVE WILLIAMS V. THOMAS MCGAVITT AND FASTENAL, CO.
### NEGLIGENCE PER SE

19.     Plaintiff Steve Williams, incorporates by reference paragraphs 1 through 18 of the Plaintiff's Complaint as if the same were set forth herein at length.

20.     This is a civil liability case in which it has become necessary for the Plaintiff, Steve Williams, to bring a lawsuit by reason of the Defendant Thomas McGavitt's negligence, while under the course and scope of his employment with Defendant Fastenal, Co., or in the alternative, Defendant Thomas McGavitt, under contract by the remaining Defendant, which resulted in physical and mental injuries to the Plaintiff. The bodily injuries sustained by the Plaintiff Steve Williams that form the basis of this lawsuit were caused by the negligence and negligence per se of Defendants.

21.     At all times material to this lawsuit, statutory and regulatory duties imposed by the

State of New Jersey were in full force and effect that were designed to protect drivers of motor vehicles in New Jersey, of which Steve Williams was a member.  As a member of such class, Steve Williams was entitled to protection of these laws, namely  NJ Rev Stat § 39:4-97.3 (2013) and the rules and regulations promulgated thereunder and Federal statutes and regulations under the Federal Highway Administration and the Federal Transportation Administration.

22.     Defendant Thomas W. McGavitt, while under the course and scope of his employment with Defendant Fastenal Co., or in the alternative, Defendant, Thomas W. McGavitt, under contract by the Defendant Fastenal Co., violated this law by failure to make proper observations of the traffic on the roadway, failure to yield to traffic, and maintain a safe distance on the highway, thus striking the Plaintiff's vehicle.

23.     As a result of the occurrence aforesaid and Defendant Thomas W. McGavitt's negligence, while under the course and scope of his employment with Defendant Fastenal, Co., or in the alternative, Defendant Thomas W. McGavitt, under contract by the remaining Defendant, the Plaintiff Steve Williams, sustained personal injuries, including but not limited to: his neck, back, left shoulder, right knee, and bilateral hands. He states that the left shoulder and right knee are painful

24.     Further, as a result of the aforesaid incident, and Defendant Thomas McGavitt's negligence, while under the course and scope of his employment with Defendant Fastenal, Co. or in the alternative, Defendants Thomas W. McGavitt, the Plaintiff Steve Williams, was obliged to expend various sums of money for medical care, treatment and medicines, in and about his body endeavoring to treat and cure himself of said injuries, all of which may continue into the future, to his great financial detriment and loss.

25.     As a result of the accident aforementioned, the Plaintiff Steve Williams has been unable to attend to his usual daily duties and was and will be unable to do so for an indefinite time into the future, to his great detriment and loss, including loss of income.

26.     Each and all of the aforementioned acts and omissions, constitute negligence and negligence per se and were a direct and proximate cause of the accident that forms the basis of this lawsuit  resulting injuries, and damages.

**WHEREFORE,** Plaintiff demands judgment against Defendants in an amount in excess of $75,000.00, plus costs, interest and other damages allowed by law.

### COUNT III
### STEVE WILLIAMS V. THOMAS MCGAVITT AND FASTENAL, CO.
### NEGLIGENT ENTRUSTMENT

27.     Plaintiff  Steve Williams, incorporates by reference paragraphs 1 through 26 of the Plaintiff's Complaint as if the same were set forth herein at length.

28.     Defendant Fastenal Co. were the owners, operators, controllers, managers, and/or contractors of the tractor trailer driven by Defendant Thomas McGavitt at all times relevant hereto.

29.     Defendants had a duty to preclude Defendant Thomas W. McGavitt from driving their tractor trailer, knowing he was not capable and competent to do same.

30.     Defendants had a duty to preclude Defendant Thomas W. McGavitt from driving their motor vehicle, knowing he was not financially responsible pursuant to the laws and regulations of the State of New Jersey and the federal laws and regulations pertaining to the Federal Transportation Act and its accompanying regulations and the Federal Highway Administration.

-6-

31.     Defendant Thomas W. McGavitt was an agent, employee, servant and/or workman of Defendant and/or, in the alternative, was acting under contract with the remaining Defendant at the time of the accident and acting within the scope of his employment and as such was an agent acting on the behalf of his employer.

32.     As a direct and proximate result of the negligence and negligence per se of Defendants, Plaintiff Steve Williams suffered severe personal injuries and damages including but not limited to: his neck, back, left shoulder, right knee, and bilateral hands. He states that the left shoulder and right knee are painful.

33.     Further, as a result of the aforesaid incident, the Plaintiff was obliged to expend various sums of money for medical care, treatment, medicines, and medical supplies in and about his body endeavoring to treat and cure himself of said injuries, all of which may continue into the future to his great financial detriment and loss.

34.     As a result of the accident aforementioned, the Plaintiff has been unable to attend to his usual daily duties and will be unable to do so for an indefinite time into the future to his great detriment and loss, including loss of income.

35.     The Plaintiff's injuries were caused solely by the negligence of the Defendants as hereinbefore averred, and not because of any actions by him.

**WHEREFORE,** Plaintiff demands judgment against Defendants in an amount in excess of $75,000.00, plus costs, interest and other damages allowed by law.

### *COUNT IV*

### *STEVE WILLIAMS V. THOMAS MCGAVITT AND FASTENAL CO.*
### *PUNITIVE DAMAGES*

36.    Plaintiff Steve Williams, incorporates by reference paragraphs 1 through 35.

of the Plaintiff's Complaint as if the same were set forth herein at length.

37.    The conduct of Defendants was reckless indifference in disregard of Plaintiff's

interests, thus providing for an award of punitive damages.

**WHEREFORE,** Plaintiff demands judgment against Defendants in an amount in

excess of $75,000.00, plus costs, interest and other damages allowed by law.

Dated: December 21, 2020

*Rhonda Hill Wilson*

Rhonda Hill Wilson, Esquire
I.D. No. 34813
Law Offices of Rhonda Hill Wilson, P.C.
1628 J.F.K Blvd., Suite 400
Philadelphia, PA 19103
(215) 972-0400
Rhwilson@philly-attorney.com