UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| STEVE WILLIAMS,<br><br>        Plaintiff ,<br><br>v.<br><br>THOMAS W. MCGAVITT and FASTENAL CO.,<br><br>        Defendants. | Case No. 2:20-cv-19960 (CCC) (SDA)<br><br>Hon. Stacey D. Adams<br><br>**OPINION ON PLAINTIFF'S MOTION FOR RECONSIDERATION FILED AT ECF NO. 122** |

**STACEY D. ADAMS, United States Magistrate Judge**

This matter comes before the Court on the Motion filed by Plaintiff Steve Williams ("Plaintiff") seeking reconsideration of the undersigned's decision, made on the record on March 7, 2025 and memorialized in the Court's letter order of the same date at ECF No. 111, denying Plaintiff's motion to extend expert discovery deadlines. (ECF No. 122). Defendants Thomas W. McGavitt ("McGavitt") and Fastenal Co. ("Fastenal") (together, "Defendants") oppose the motion. (ECF No. 126 and 127). The Court decides the motion without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons stated below, the Motion is **DENIED.**

**FACTUAL BACKGROUND/RELEVANT PROCEDURAL HISTORY**

The Court gleans the following facts from the operative complaint. (Am. Compl., ECF No. 35). Plaintiff was injured in a motor vehicle accident on November 13, 2019 on I-78 East in Hillside Township, New Jersey. (*Id.* ¶ 7). McGavitt was driving a truck in the course of his employment with Fastenal. (*Id.* ¶ 9). McGavitt crashed into the rear of Plaintiff's car, running Plaintiff off the road. (*Id.* ¶ 11). McGavitt failed to observe Plaintiff's vehicle because he was distracted by a telephone call, speeding, and under the influence of drugs. (*Id.*). Plaintiff brings this negligence action against Defendants for the injuries he sustained as a result of the accident.

Plaintiff filed his initial complaint on December 21, 2020. (ECF No. 1). Then-Magistrate Judge Edward S. Kiel ("Judge Kiel") entered an initial scheduling order on May 11, 2021. (ECF No. 11). Pursuant to this Order, fact discovery was to be completed by July 15, 2021 and expert discovery was to be completed by October 15, 2021. (*Id.* ¶¶ 2, 8). On June 1, 2021, Judge Kiel extended fact discovery until August 15, 2021 upon application by the parties. (ECF No. 13). On August 24, 2021, Judge Kiel extended expert discovery until November 30, 2021. (ECF No. 28, ¶ 3). Neither party requested any further extensions beyond this deadline. To the contrary, Plaintiff twice objected to Defendants' expert report, which was not served until March 23, 2022, on the grounds that it was served after the expert discovery deadlines had elapsed. (ECF Nos. 55, 57).

The matter was referred to arbitration on May 27, 2022. (ECF No. 58). The referral order stated: "[t]he parties hav[e] advised the Court that all discovery disputes have been resolved and ***discovery is complete***[.]" (*Id.* (emphasis added)). Arbitration occurred on August 11, 2022. Plaintiff filed a request for Trial De Novo on September 28, 2022. (ECF No. 63). The parties then filed dispositive motions on November 23, 2022. (ECF Nos. 65-67). District Judge Claire C. Cecchi referred the matter to mediation on July 27, 2023 and administratively terminated the motions pending the outcome of mediation. (ECF No. 79). Mediation was unsuccessful, and the motions were reinstated on November 8, 2023. Judge Cecchi ruled upon the dispositive motions on December 20, 2023 wherein she (i) denied Fastenal's motion for partial summary judgment as to Count Three; (ii) granted Fastenal's motion for partial summary judgment as to Count Four; (iii) granted McGavitt's motion to dismiss as to Count Four; and (iv) again referred the parties to mediation and administratively terminated the matter pending completion of mediation. (ECF Nos.

82, 83). The parties did not attend mediation until December 12, 2024. (ECF No. 105).[1] The matter did not settle.

The undersigned held a status conference on December 18, 2024. (ECF No. 107). Although the parties previously advised discovery was complete, due to the passage of time while mediation was pending, during which Plaintiff sustained new injuries and underwent additional treatment, the Court entered an Amended Scheduling Order permitting the following limited discovery: (i) Plaintiff's deposition was re-opened for the limited purpose of taking testimony as to anything that had occurred with respect to his medical treatment, care, or alleged injuries since the date of his last deposition, to be completed by January 30, 2025; (ii) Plaintiff was to provide updated, signed HIPAA authorizations to Defendants by January 10, 2025; and (iii) Defendants were to complete Plaintiff's independent medical examination ("IME") by March 15, 2025 and provide an updated report by March 30, 2025. (*Id.*). At no point during the conference did Plaintiff ask to re-open expert discovery, nor did either party ask for any other discovery beyond that delineated above. (*See* ECF No. 119, Tr. 5:3-8). Accordingly, the Court scheduled a status conference for March 7, 2025 and a final pretrial conference for May 1, 2025. (ECF No. 111).

On March 6, 2025, the day before the status conference, more than three years after the close of expert discovery, and one and half years after dispositive motions were decided, Plaintiff filed a motion to extend expert discovery. (ECF Nos. 109, 110). The motion papers did not indicate what specific expert discovery was needed. (*Id.*). However, at the status conference, Plaintiff's counsel clarified that Plaintiff wished to (i) retain a vocational expert named Dr. Romy Tota to address Plaintiff's future loss of earning capacity, and (2) supplement the report of Plaintiff's

---

[1] Mediation was delayed several times due to Plaintiff's counsel's medical issues and delays with Plaintiff's related workers' compensation case. (*See* ECF Nos. 97, 99, 100, 101, 102, 103, 105 and 106).

3

existing economic expert, Dr. Bunin, following the receipt of Dr. Tota's report, to quantify his economic losses. (ECF No. 119, Tr. 14:4-16).

The Court denied Plaintiff's motion for the detailed reasons stated on the record on March 7, 2025. (ECF No. 111, ¶ 2). The Court found that, under Fed. R. Civ. P. 16, Plaintiff failed to demonstrate good cause to amend the deadlines in the pretrial scheduling order (which had already been extended several times) so that Plaintiff could serve an entirely new expert report concerning a category of damages, *i.e.*, future lost wages, that had been identified early in the case. (ECF No. 119, Tr. 35:3-11). The Court addressed the factors listed in *Dandy v. Ethicon Women's Health & Urology*, 579 F. Supp. 3d 625 (D.N.J. 2022), and explained why Plaintiff failed to meet the Third Circuit's standard governing the service of late expert reports.[2] (*Id.* 35:21-25). The Court found that there was no surprise or prejudice to Plaintiff that would warrant re-opening expert discovery, since his claim for lost wages was made at the inception of the case. (*Id.* 36:1-3). The Court found that allowing a new expert report this late in the case would result in a significant delay of four to six months since Defendants would then need to retain a rebuttal expert and both experts would require depositions. (*Id.* 36:6-8). The Court noted that, although the case was stayed during mediation, the stay was irrelevant because discovery had already closed long before the stay. (*Id.* 34:14-15). It also found that allowing new experts, after dispositive motions were already decided and the final pretrial conference was scheduled, would be prejudicial and might lead to additional motion practice, such as unanticipated *in limine* motions. (*Id.* 34:22-23). While the Court did not

---

[2] *See Nicholas v. Pa. State Univ.*, 227 F.3d 133, 148 (3d Cir. 2000); *Konstantopoulos v. Westvaco Corp.*, 112 F.3d 710, 719 (3d Cir. 1997). The factors the Court is required to weigh when considering whether to strike an untimely or improper expert disclosure include: "(1) the surprise or prejudice to the moving party; (2) the ability of the moving party to cure any such prejudice; (3) the extent to which allowing the testimony would disrupt the order and efficiency of trial; (4) bad faith or willfulness in failing to comply with the court's order; and (5) the importance of the testimony sought to be excluded." *Dandy*, 579 F. Supp. 3d at 629.

4

find Plaintiff acted in bad faith, it concluded there was a lack of diligence, since Plaintiff's claim for lost wages was known since 2021 – four years earlier – and there was no explanation for the lengthy delay in seeking a vocational expert. The Court made it clear that this was not merely a situation where Plaintiff was seeking to supplement its economic expert's report with new numbers due to the passage of time pursuant to Fed. R. Civ. P. 26(e), something the Court might have allowed. (*Id.* 36:11-14). Instead, Plaintiff was seeking to (i) retain an entirely new type of expert geared at addressing his employability (or lack thereof) (*Id.* 37:15-18); and (ii) have his existing economic expert, Dr. Bunin, not simply update numbers, but quantify losses not previously quantified. (*Id.* 39:1-4). Thus, Plaintiff's motion to re-open discovery was denied. (ECF No. 111).

Plaintiff then filed the instant motion seeking reconsideration of that decision on May 16, 2025. (ECF No. 122).

Unrelated to Plaintiff's current motion, but relevant to the Court's decision, on May 13, 2025, the Court permitted expert discovery to be re-opened to allow Plaintiff to retain a new neurological expert, as his previous expert retired from practice and refused to make himself available for a *de bene esse* deposition. (ECF No. 117). Understanding that this situation was entirely outside the Plaintiff's control, the Court afforded Plaintiff the ability to retain a new neurological expert and set a schedule for discovery with respect to this replacement expert, to be completed by August 1, 2025. (ECF No. 118). Plaintiff argues that, since expert discovery was re-opened for this limited purpose, he should also be allowed to offer a new vocational expert and supplement his economic expert's report. (ECF No. 122-1, at 12).

## **LEGAL ANALYSIS**

Motions for reconsideration are not expressly recognized in the Federal Rules – rather, they are treated as a motion to alter or amend judgment under Fed. R. Civ. P. 59(e) or a motion for relief

5

from judgment or order under Fed. R. Civ. P. 60(b).[3] *Cordero v. Emrich*, No. 20-cv-5654 (PGS) (RLS), 2022 WL 17418572, at *1 (D.N.J. Dec. 5, 2022). In this District, motions for reconsideration must include "[a] brief setting forth concisely the matter or controlling decisions which the party believes the Judge has overlooked." L. Civ. R. 7.1(i).[4] "A motion for reconsideration [] does not entitle a party to a second bite at the apple." *Anello Fence, LLC*, 2019 WL 4894562, at *1.

Motions for reconsideration are "extremely limited procedural vehicle(s)" which are to be granted "very sparingly." *Clark v. Prudential Ins. Co. of Am.*, 940 F. Supp. 2d 186, 189 (D.N.J. 2013) (quotations and citations omitted). They may only be granted if the moving party shows "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [reached its original decision]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Blystone v. Horn*, 664 F.3d 397, 415 (3d Cir. 2011) (quotation and emphasis omitted). They are "not a vehicle for a litigant to raise new arguments." *CPS MedManagement LLC v. Bergen Reg'l Med. Ctr., L.P.*, 940 F. Supp. 2d 141, 168 (D.N.J. 2013).

Plaintiff spends much of the brief regurgitating the same arguments made in the previous filings, which were already addressed by the Court on the record on March 7, 2025 and will not

---

[3] Fed. R. Civ. P. 60(b) does not apply here because this rule only applies to final orders. *Anello Fence, LLC v. VCA Sons, Inc.*, No. 13-cv-3074 (JMV) (JBC), 2019 WL 4894562, at *2 (D.N.J. Oct. 3, 2019). The Court's March 7, 2025 Order is not a final order because claims remain unresolved. Therefore, the Court does not address Plaintiff's arguments under this Rule.

[4] The Court notes that L. Civ. R. 7.1(i) requires motions for reconsideration to be filed 14 days after the entry of the order sought to be reconsidered. However, the Court granted Plaintiff leave to file the motion within 14 days of receiving the transcript from the March 7, 2025 conference. (*See* ECF No. 116). Therefore, the motion is timely because it was filed two days after the transcript was received.

be reiterated herein. Plaintiff fails to demonstrate a change in the controlling law, the availability of new evidence, or the need to correct an error.

Plaintiff contends that, because his request to bar Defendants' expert report as untimely was never addressed by Judge Kiel before the case was referred to arbitration (ECF No. 58) and, later, stayed for mediation (ECF No. 105), this somehow warrants re-opening expert discovery. (ECF No. 122-1, at 15). Plaintiff suggests that, because the Court never ruled on this issue, he "mistakenly believed that if the expert discovery deadlines were extended for Defendants then the expert deadlines were extended for all." (*Id.*). However, Plaintiff's request to bar Defendants' expert has no bearing on his application to re-open expert discovery to present a new expert and add new information to an existing expert's report. The former seeks to bar an expert, while the latter seeks to re-open discovery, for reasons entirely unrelated to Defendants' expert. Defendants never requested an extension of the expert discovery deadline, so Plaintiff's assertion that "expert discovery deadlines were extended for Defendants" is simply inaccurate. Indeed, the lack of an extension and the late submission of Defendants' expert report is precisely why Plaintiff sought to bar Defendants' expert. To be clear, the Court's decision on March 7, 2025 did not preclude Plaintiff from renewing his request to bar Defendants' expert.[5]

Similarly, Plaintiff contends that Defendants submitted late orthopedic expert reports on March 11, 2025, March 31, 2025 and April 28, 2025 – in violation of the Court's March 7, 2025 Amended Scheduling Order – further warranting the re-opening of expert discovery. (*Id.* at 16). If

---

[5] The Court notes, however, that when the parties filed their proposed final pretrial order in anticipation of the May 1, 2025 final pretrial conference, Plaintiff did not list in his contemplated motions an application to bar Defendant's expert, nor was it raised during the final pretrial conference conducted on May 1, 2025. Thus, this request appears to have been waived by Plaintiff.

this is indeed true then, like the late report addressed above, it may be a basis for barring Defendants' untimely reports. It is not, however, a basis for re-opening expert discovery.

Plaintiff once again unconvincingly argues that there is no prejudice or surprise to Defendants because the issue of Plaintiff's future economic loss has been known for years. (ECF No. 122-1, at 17). Indeed, Plaintiff acknowledges this form of damages was pled in the original complaint. (*Id.*). This argument only further serves to cement the Court's conclusion that Plaintiff failed to act with reasonable diligence in securing a vocational expert: namely, if Plaintiff was aware of this loss for years, then why did he fail to retain a vocational expert until the eve of trial. Plaintiff still provides no explanation for this delay other than that his lost earnings have "become manifest over the past 4 years." (*Id.*).

Finally, Plaintiff suggests that, because the Court re-opened expert discovery on May 13, 2025 for the limited purpose of allowing Plaintiff to retain a new neurological expert, this somehow warrants re-opening expert discovery in its entirety. (*Id.* at 16). However, unlike the instant request, a new neurological expert was warranted because the former expert retired during the pendency of the case, something that was entirely outside the parties' control. Allowing a single, replacement expert in the interest of justice is far different then wholly re-opening expert discovery to add brand new experts and information without any justification for not offering these experts within the previously set deadlines.

As to Plaintiff's arguments that exclusion is an extreme remedy, he conflates the instant application with a motion *in limine* to exclude an existing expert report. This is not Defendants' motion to exclude Plaintiff's expert; it is Plaintiff's motion to re-open expert discovery, allow Plaintiff to retain a brand new expert who will create a new report, permit Plaintiff to supplement an existing report with new information, afford time for Plaintiff's experts to draft new reports,

8

and then permit additional discovery, such as rebuttal reports and depositions, that will inevitably emerge from Plaintiff's request. The Court points out that this case has been pending for over five years. After discovery deadlines were extended, both parties affirmed that discovery was complete prior to arbitration on August 11, 2022. (ECF No. 58). The parties then proceeded to dispositive motions, which were decided in December 2023. (ECF Nos. 82, 83). At the status conference conducted a full year later on December 18, 2024, the parties again affirmed that no discovery was needed beyond that delineated in the Court's Order. (ECF No. 107). Plaintiff never notified the Court of his desire to retain a new expert or update his economic expert report. Another three months passed before Plaintiff filed his motion to re-open discovery, which was only filed after the Court scheduled the final pretrial conference and after the parties had submitted their joint proposed pretrial order. (ECF No. 107). Justice delayed is justice denied. After five years of litigation, it is time to bring this matter to a conclusion.

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Reconsideration (ECF No. 122) is **DENIED** and the Court's March 7, 2025 Order at ECF No. 111 stands.

*s/ Stacey D. Adams*
Hon. Stacey D. Adams
United States Magistrate Judge

Dated: December 2, 2025