**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| STEVE WILLIAMS,<br>Plaintiff,<br>v.<br>THOMAS W. McGAVITT and FASTENAL CO.,<br>Defendants. | No. 20-cv-19960<br><br>**MEMORANDUM ORDER** |

**CECCHI, District Judge.**

Before the Court is plaintiff Steve Williams's ("Williams") motion for reconsideration of the Court's previous Opinion and Order granting in part defendant Fastenal Co.'s ("Fastenal") motion for summary judgment and granting defendant Thomas W. McGavitt's ("McGavitt," and collectively with Fastenal, "Defendants") motion to dismiss. ECF No. 120; *see* ECF No. 120-1 ("Moving Br."). Defendants both filed briefs in opposition. *See* ECF No. 124 ("Fastenal Opp'n Br."); ECF No. 125 ("McGavitt Opp'n Br."). The Court decides the motion without oral argument. Fed. R. Civ. P. 78(b); L. Civ. R. 78.1(b). For the reasons stated below, the Court will deny Williams's motion.

**WHEREAS** on December 21, 2020, Williams filed his initial complaint against Fastenal and McGavitt. ECF No. 1. In his initial complaint, Williams claimed that he was struck by McGavitt on Interstate Route 78 in Hillside Township, New Jersey. *Id.* ¶¶ 7, 11. Williams alleged that McGavitt was driving a truck within the scope of his employment with Fastenal when he struck Williams's vehicle. *Id.* ¶¶ 8–11. Relevant here, Williams asserted a claim for punitive damages against both Fastenal and McGavitt. *Id.* ¶¶ 36–37; and

**WHEREAS** on April 1, 2021, on the parties' stipulation, the Court dismissed Williams's punitive damages count without prejudice. ECF No. 8; *see* ECF No. 6 (notice of voluntary

dismissal). On December 1, 2021, Williams amended his complaint and reasserted a claim for punitive damages. *See* ECF No. 35 ("Am. Compl.") ¶¶ 39–44. In support of that claim, Williams alleged that Defendants acted "wanton[ly] and [with] reckless indifference of [Williams's] interests," because (1) at the time of the crash, McGavitt was driving under the influence of amphetamines, exceeding the speed limit in a work construction zone, and was "distracted and/or [on] his cellphone," (2) McGavitt "had a history of disregarding safety rules of his company and rules of the road," and (3) McGavitt "was ticketed and pled guilty to careless driving." *Id.* ¶ 41; and

**WHEREAS** on November 23, 2022, Fastenal filed a motion for summary judgment, ECF No. 65; McGavitt filed a motion to dismiss the punitive damages claim, ECF No. 66; and Williams filed a motion for partial summary judgment, ECF No. 67. On December 20, 2023, the Court (1) granted in part and denied in part Fastenal's summary judgment motion, (2) granted McGavitt's motion to dismiss,[1] and (3) denied Williams's summary judgment motion. ECF Nos. 82–83; *Williams v. McGavitt*, No. 20-19960, 2023 WL 8802706 (D.N.J. Dec. 20, 2023). Relevant here, the Court both (1) granted summary judgment in favor of Fastenal on Williams's punitive damages claims and (2) entered a judgment on the pleadings in favor of McGavitt on Williams's punitive damages claims. *See Williams*, 2023 WL 8802706, at *7, *7 n.8; and

**WHEREAS** specifically, the Court granted summary judgment in favor of Defendants on Williams's punitive damages claims because Williams failed to present sufficient evidence that McGavitt acted with "actual malice or a wanton and willful disregard of foreseeable victims." *Id.* at *6 (citation omitted). In its decision, the Court noted (1) that for a plaintiff to support a claim for punitive damages under New Jersey law, a plaintiff "must prove by clear and convincing

---

[1] Because McGavitt had already answered, the Court construed his Rule 12(b)(6) motion to dismiss as a Rule 12(c) motion for judgment on the pleadings. *See Williams*, 2023 WL 8802706, at *2 n.3.

evidence that the harm suffered resulted from the defendant's acts or omissions, which were committed either with actual malice or a wanton and willful disregard of foreseeable victims," and (2) that to establish wanton and willful disregard, a plaintiff must show "a deliberate act or omission with knowledge of a high degree of probability of harm and reckless indifference to the consequences." *Id.* at *5 (quoting *Seeman v. Locane*, No. 10-6597, 2017 WL 4235942, at *4 (D.N.J. Sept. 25, 2017)). The Court then explained that Williams's evidence—namely that McGavitt was "purportedly traveling above the speed limit in a construction zone and" was "distract[ed] [by] an incoming call to [his] cell phone"—did not show actual malice or a wanton and willful disregard of foreseeable victims. *Id.* at *6; and

**WHEREAS** the Court also addressed Williams's citation to McGavitt's "drug test following the accident," which gave "a positive result for an unspecified amphetamine."[2] *Id.* The Court first noted that Plaintiff "fail[ed] to provide evidence that" (1) "the amphetamine was not a medication," (2) McGavitt "was impaired by the medication," or (3) "any impairment caused the accident." *Id.* And the Court noted that the incident report prepared by a New Jersey state trooper made "no mention of impairment or suspected drug usage and indicate[d] that McGavitt was not given an 'Alcohol Drug Test.'" *Id.* Moreover, the Court noted that "[t]he fact that a driver who caused an accident was intoxicated is not by itself sufficient to support a claim of punitive damages against that driver." *Id.* (alteration in original) (citation omitted); *see also id.* at *7 ("[T]he mere fact that McGavitt tested positive for amphetamine usage, without more evidence presented, for example, as to dosage, the purpose of McGavitt taking the medication, and the drug's effects on McGavitt's driving, does not support a claim for punitive damages against Fastenal for his hiring and continued employment."); and

[2] The relevant test report indicates a positive result for "[a]mphetamine" "metabolite" and does not provide any information related to dosage or quantity. ECF No. 120-2.

**WHEREAS** on May 16, 2025, Williams filed a motion for reconsideration pursuant to Federal Rules of Civil Procedure 59 and 60(b)[3] and Local Civil Rule 7.1(i).[4] ECF No. 120. The reconsideration motion asks the Court to reexamine the issue of punitive damages. *See* Moving Br. at 1, 18; and

**WHEREAS** the Court will deny Williams's reconsideration motion. The Court may only grant a motion for reconsideration if (1) the movant has "new evidence that was not" previously available, (2) there has been "an intervening change in the controlling law," or (3) the movant shows that there is a "need to correct a clear error of law or prevent manifest injustice." *Gibson v. State Farm Mut. Auto. Ins. Co.*, 994 F.3d 182, 190 (3d Cir. 2021); *see Carroll v. Student Transp., Inc.*, No. 10-1439, 2011 WL 1045161, at *1 (E.D. Pa. Mar. 22, 2011) ("In light of the strong interest in finality of judgments, district courts grant motions for reconsideration sparingly."). A "motion for reconsideration is improper when filed 'to ask the Court to rethink what it ha[s] already thought through.'" *Boily v. Walt Disney World Co.*, No. 08-4967, 2009 WL 1228463, at *10 (D.N.J. May 1, 2009) (citation omitted); *see also Scott v. FCI Fairton*, No. 09-4710, 2010 WL 3636286, at *21 (D.N.J. Sept. 8, 2010) ("Mere disagreement with the district court's decision is inappropriate on a motion for reconsideration: it should be raised through the appellate process."), *aff'd*, 407 F. App'x 612 (3d Cir. 2011); and

[3] "Generally, a motion for reconsideration is treated as a motion to alter or amend judgment under Federal Rule of Civil Procedure 59(e), or as a motion for relief from judgment or order under Federal Rule of Civil Procedure 60(b). In this District, however, 'motions for reconsideration are governed by Local Civil Rule 7.1(i).'" *OTG N.Y. Inc. v. Bondi*, No. 23-23344, 2025 WL 2603426, at *2 (D.N.J. Sept. 9, 2025) (citation omitted).

[4] Williams's motion erroneously cites Local Civil Rule 7.1(d)(5), which deals with automatic extensions of motion days. ECF No. 120.

**WHEREAS** Williams has not shown that reconsideration is appropriate. First, Williams has failed to identify any evidence that was unavailable when the Court issued its earlier decision on the issue of punitive damages; and

**WHEREAS** second, Williams has failed to identify any intervening change in law since the Court's earlier decision. Indeed, the provisions Williams cites in his briefing were in place well before the Court issued its earlier decision. For example, Plaintiff cites extensively to the Omnibus Transportation Employee Testing Act (OTETA) and the rules promulgated thereunder that address the operation of commercial motor vehicles. *See* Moving Br. at 4–6. However, Congress passed OTETA in 1991 and the regulations that federal agencies have promulgated under OTETA cited by Williams were in effect prior to the earlier decision and do not, as discussed below, alter the analysis under the New Jersey law for punitive damages. *See, e.g.*, *id.* at 5 (quoting from 49 C.F.R. § 382.501, which first became effective in 2001); *id.* at 6 (quoting from 49 C.F.R. § 382.215, which first became effective in 2001); *id.* (quoting from 49 C.F.R. § 382.701, which first became effective in 2016); *id.* (quoting from 49 C.F.R. § 382.213, which first became effective in 2012). Therefore, Williams has failed to identify a change in controlling law that justifies reconsideration; and

**WHEREAS** third, Williams has not identified any clear error of law or manifest injustice that would result from the Court's earlier decision. Reconsideration based on a legal error is appropriate only if that error is "clear to all who view it." *Tomaine v. Selip & Stylianou, LLP*, No. 20-156, 2024 WL 228428, at *4 (D.N.J. Jan. 22, 2024) (citation omitted); *see also Grondin v. Fanatics, Inc.*, No. 22-1946, 2023 WL 3674316, at *1 (E.D. Pa. May 24, 2023) ("The standard for showing clear error is high. A movant 'must show more than mere disagreement with the earlier ruling.'" (citation omitted)), *aff'd*, No. 23-2149, 2024 WL 5231194 (3d Cir. Dec. 27, 2024); and

**WHEREAS** Williams has failed to identify a legal error. For instance, Williams spends a significant portion of his briefing on federal preemption. Moving Br. at 8–11. On this point, he cites several federal regulations that he claims lower New Jersey's standard for punitive damages.[5] *See, e.g.*, *id.* at 5–6, 10–11 (citing 49 C.F.R. §§ 382.109, 382.215, 382.501). But Williams has failed to demonstrate that Congress intended to alter the remedies available under state tort law with these regulations. *See Silkwood v. Kerr-McGee Corp.*, 464 U.S. 238, 255 (1984) ("Punitive damages have long been a part of traditional state tort law. As we noted above, Congress assumed that traditional principles of state tort law would apply with full force unless they were expressly supplanted."); and

**WHEREAS** next, Williams argues that a reasonable jury could find in his favor on punitive damages, because "[t]he aggravating circumstances that require punitive damages in this case include that Defendant McGavitt illegally used amphetamines" and was distracted "at the time of this accident." Moving Br. at 13–14; *see also id*. at 14 ("Williams testified in his deposition of July 29, 2021, that immediately prior and at the time of the impact by . . . McGavitt and the Fastenal vehicle, that the parties were traveling through a construction zone."). But for the reasons stated above (and in the Court's original decision), the arguments Williams made to the Court at summary judgment were (and remain) insufficient to show that Defendants "committed [acts or omissions] either with actual malice or a wanton and willful disregard of foreseeable victims," as required to support a punitive damages claim under New Jersey law. *Williams*, 2023 WL 8802706, at *5 (citation omitted); *see Quarles v. Bontempo*, No. 23-1601, 2025 WL 2837737, at *5 (E.D. Pa. Oct.

[5] Generally, federal preemption *displaces* existing state law entirely. But as McGavitt correctly points out, Williams's preemption argument does not address why preemption would reduce "the threshold for punitive damages [under New Jersey law] instead of" displacing New Jersey's punitive damages statute entirely. McGavitt Opp'n Br. at 12.

7, 2025) (denying reconsideration where movant's "argument [was] nothing more than disagreement with the Court's [previous] conclusions"); and

**WHEREAS** in addition, as noted above, Williams cites to various federal regulations in an effort to persuade the Court to reconsider its earlier decision that he failed to show "actual malice or a wanton and willful disregard of foreseeable victims." *Williams*, 2023 WL 8802706, at *5 (citation omitted). But the issue of whether Defendants violated federal regulations is distinct from the issue of whether Defendants acted with "actual malice or a wanton and willful disregard of foreseeable victims" under New Jersey law. *Id.* (citation omitted); *cf. Lowers v. Eagle Bluff Steel Erectors, Inc.*, No. 15-12805, 2016 WL 6078291, at *3–4 (S.D. W. Va. Oct. 14, 2016) (noting—in the context of West Virginia's punitive damages statute which requires "a willful, wanton, reckless or malicious act"—that "the failure to comply with regulations does not, by itself, render punitive damages appropriate"). So, even assuming that the cited regulations prohibited McGavitt from operating a commercial vehicle at the time of the incident, that proposition would not itself establish the elements of punitive damages under New Jersey law; and

**WHEREAS** Williams also states that he seeks reconsideration to "prevent manifest injustice." Moving Br. at 4. However, beyond his disagreement with the Court's earlier decision, Williams does not identify any basis for finding that the ruling resulted in a manifest injustice. *See Chambers v. Sch. Dist. of Phila. Bd. of Educ.*, No. 05-2535, 2012 WL 3279243, at *7 (E.D. Pa. Aug. 13, 2012) ("Plaintiffs are unable to demonstrate any manifest injustice that would justify reconsideration of the Court's ruling beyond their own displeasure and dismay with the Court's decision.").

Accordingly, **IT IS** on this 30th day of September 2026;

**ORDERED** that Williams's motion (ECF No. 120) is **DENIED**.

**SO ORDERED**.

*/s/ Claire C. Cecchi*
**CLAIRE C. CECCHI, U.S.D.J.**